(No. 32581.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THEODORE SHIPMAN, Plaintiff in Error.

*Opinion filed March 23, 1953.*

Theodore Shipman, *pro se.*

Ivan A. Elliott, Attorney General, of Springfield, and Michael A. Shore, State's Attorney, of Peoria, (Richard E. Capitelli, Robert S. Calkins, and Harry L. Pate, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

The plaintiff in error, hereinafter called defendant, in conjunction with one Leo Shipman, was indicted by the grand jury in the Peoria County circuit court on May 21, 1934, for the crime of robbery while armed with a dangerous weapon. The crime was alleged to have been committed on March 18, 1934. Counsel was appointed for the defendant and his codefendant. A jury trial was had and the defendants were found guilty. Motions for a new trial and for arrest of judgment were made and overruled. The defendant here was sentenced to the Illinois State Penitentiary for a term of not less than one year or until the termination of his natural life. No bill of exceptions has been filed and the defendant brings this case to this court on the common-law record only.

The errors assigned by the defendant are (1) that the grand jury by which he was indicted was unlawfully drawn and constituted, (2) that the indictment was not sufficient in form or substance to enable the defendant to plead the judgment in bar of another prosecution for the same offense, and (3) that the petit jury was unlawfully drawn and constituted.

Inasmuch as only the common-law record is filed in this case, and no bill of exceptions, it is not apparent that any evidence was taken or heard in support of the alleged error

as to the manner of selecting the grand jury or as to the way the same was constituted. However, it does appear that one of the reasons set forth in the motion to quash the indictment was that the grand jury which indicted defendant was illegally drawn and constituted. In support of his contention he directs attention to the sheriff's return to the venire issued for the grand jury. From this it appears that one of the grand jurors named therein was not found, and thereupon the judge directed the sheriff to summon from the body of the county a sufficient number of jurors to fill the panel. Thereupon, the record discloses an additional juror was summoned as directed. This the defendant contends was error, and cites in support thereof Ill. Rev. Stat. 1951, chap. 78, par. 9. The defendant, however, was indicted in 1934, and the statute as it existed at that time would govern in this case. An examination of the statute at that time (Smith-Hurd Stat. 1933, chap. 78, pars. 8 and 9,) expressly reveals that the grand jury was selected in accordance therewith. Furthermore, the defendant does not contend or show to the court that actual and substantial injustice did result to him, such as is necessary for him to show in order to support his assignment of error in the selection of said grand jury. (Smith-Hurd. Stat. 1933, chap. 78, par. 35; *People* v. *Fognini,* 374 Ill. 161; *People* v. *Switalski,* 394 Ill. 530.) The record further discloses that the grand jury in this case was composed of twenty-two members, all duly and properly selected in accordance with the statute, without the additional juror who was called by the sheriff. Sixteen members are sufficient in number to constitute a grand jury, and twelve of them may return an indictment. (*People* v. *Price,* 371 Ill. 137.) The trial court did not commit any error in overruling the motion to quash because of the objection alleged therein with respect to the selection of the grand jury. It was legally constituted.

The second assignment of error claimed by the defendant in his motion to quash is that the indictment is not

sufficient in form or substance to enable the defendant to plead the judgment in bar of another prosecution for the same offense. The statute (Smith-Hurd Stat. 1933, chap. 38, par. 501,) in 1934 defined robbery as follows: "Robbery is the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation."

In the instant case the indictment charged the assault to have been made feloniously and violently, that money was taken from the person of another, to wit: one Irene Daniels, in one count, in another from Harold C. Daniels, and in another from Harold C. Daniels and Irene Daniels, and that the same was taken by force and intimidation and against the will of the person or persons assaulted. The indictment further alleged that at the time the assault was made and the money taken as aforesaid the defendant was armed with a dangerous weapon, to wit, a gun, and, to wit, a pistol.

We have heretofore held that the gist of the offense of robbery is the force or intimidation in taking from another against his will a thing belonging to him or in his custody. The property need not be accurately described, and in case it is alleged money is taken no description is necessary. The use of the term "money" imports value. (*People* v. *Carpenter,* 315 Ill. 87; *People* v. *Fiereto,* 303 Ill. 186.) It is apparent, therefore, that the indictment in this case did set forth in clear language all of the elements of the crime of robbery with a dangerous weapon.

The statute further provided at the time of the return of the indictment in this case as follows: "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statutes creating the offense, or so plainly that the nature of the offense may be easily understood." (Smith-Hurd Stat. 1933, chap. 38, par. 716.) An indictment which charges a crime in substance and in the

words of the statute is sufficient when the defendant is apprised with reasonable certainty of the precise offense with which he is charged. *People* v. *Taylor,* 391 Ill. 11; *People* v. *Cassidy,* 394 Ill. 245.

It is apparent, therefore, that the indictment in this case was legally sufficient in all respects. It followed the language of the statute, it alleged all facts necessary to constitute the crime, it could be easily understood by the jury, and the judgment thereon may be pleaded in bar of another prosecution for the same offense. All objections made by the defendant in reference thereto are not well taken.

The third and last contention of the defendant is that the petit jury selected to try this case and which returned a verdict of guilty against the defendant was illegally drawn and constituted. The defendant argues that the petit jury was illegal because the names selected and placed in the jury box from which the jury was drawn were not selected by the jury commissioners and by the clerk of the court as provided by the statute. Inasmuch as the defendant was indicted at the May term of the circuit court of Peoria County, and tried on May 21, 1934, it is the statute then in force in reference to the selection of petit jurors that is applicable. The present statute relied upon by the defendant did not go into effect until July 1, 1939. The statute in effect in 1934 (Smith-Hurd Stat. 1933, chap. 78, par. 2,) provided that in counties having a population of less than 250,000 the county board and not jury commissioners should prepare a list from which the petit jurors were selected. This court will take judicial notice that the population of Peoria County in May, 1934, was less than 250,000 as shown by the Federal census of 1930, (*People* v. *Clardy,* 334 Ill. 160,) and therefore that Peoria County did not have a jury commission until July 1, 1939.

The only manner in which a petit jury can be objected to is by filing a challenge to the array in the trial court, if it is desired to raise any question as to the legality of the

398

petit jury and save such question for review. (*Borrelli* v. *People*, 164 Ill. 549; *Bruen* v. *People*, 206 Ill. 417; *People* v. *Conners*, 246 Ill. 9.) The record fails to show that any challenge to the array was filed in the trial court, and therefore no question is preserved for review here. *People* v. *Bute*, 396 Ill. 588.

The record in this case establishes no error prejudicial to defendant.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*