(No. 32839.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RALPH LEVI DAVIS, Plaintiff in Error.

*Opinion filed November 18, 1953—Rehearing denied Jan. 18, 1954.*

G. WILLIAM HORSLEY, JOHN B. CRAIN, and L. H. LENZ, all of Springfield, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and H. DAVID CONDRON, State's Attorney, of Quincy, (WILLIAM J. DIETERICH, FRED G. LEACH, and HARRY L. PATE, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff in error, Ralph Levi Davis, hereinafter called defendant, prosecutes this writ of error to the Appellate Court, Third District, to review a judgment affirming a judgment of the county court of Adams County. In the county court, defendant was charged with the offense of reckless driving of a motor vehicle as defined in section 48 of the Uniform Traffic Act. (Ill. Rev. Stat. 1951, chap. 95½, par. 145.) The jury returned the following verdict: "We, the Jury, find the defendant, Ralph Davis, guilty of reckless driving in manner and form as charged in the information." The trial court entered judgment on the verdict and sentenced the defendant to pay a fine of $300 and ordered him confined to the Adams County House of Correction for a term of 60 days. The penalty was determined by the trial judge, and not by the jury. Defendant's motion for a new trial was denied immediately prior to the announcement of the court's judgment. On writ of error to the county court of Adams County, the Appellate Court affirmed the judgment of the county court. The only error urged by the plaintiff in error on review was that the trial court erred in fixing the sentence, instead of the sentence being fixed by the jury.

A reading of section 48 of the Uniform Traffic Act makes it apparent that the legislature has not specifically stated who should impose the punishment specified in that section. No subsequent section of the act specifies who is to fix the punishment for the offense of reckless driving. It is contended by plaintiff in error that the legislature has made it clear that the jury has this duty and function.

The offense of reckless driving first became a part of the statutes of the State of Illinois in 1931. That statute provided that on conviction the offender should be punished "by a fine of not more than $1000 or by imprisonment in the county jail for a term of not more than one year or by both such fine and imprisonment in the discretion of the court." (Ill. Rev. Stat. 1931, chap. 121, par. 242(b).) The section was subsequently included in the Uniform Traffic Act adopted in 1935 and the words "in the discretion of the court," were omitted. No further amendments have occurred.

Plaintiff in error maintains that the omission of the phrase "in the discretion of the court" indicates that the legislature intended to make a change over the prior practice, intending that the jury should fix the penalty. To support his position defendant discusses the statements in the cases of *Houghton Mifflin Co.* v. *Continental Ill. Nat. Bank and Trust Co.* 293 Ill. App. 423, and *McLaughlin* v. *People,* 403 Ill. 493, to the effect that when a change is made in the phraseology of a law by an amendment, a presumption is created that it was intended to change the law as it formerly existed. Further, defendant urges that the legislative history of the reckless driving statute is a determining factor in this proceeding and he contends that the legislature has made it clear that the jury has the duty to fix the punishment for the crime of reckless driving.

It is, however, just as logical, or more so, to conclude that the legislature determined that the language deleted was unnecessary in that the court performs that duty under common law without any statutory direction. The common-law duty of a jury has always been to return a verdict determining the guilt or innocence of an accused. The court then traditionally fixed the punishment governed by the laws in force. (*People ex rel. Bradley* v. *Illinois State Reformatory,* 148 Ill. 413; *George* v. *People,* 167 Ill. 447.) Moreover, this section of the statute does not specify that

it shall be the duty of the jury to fix the punishment of those convicted of the offense of reckless driving. It is axiomatic that in those areas where the common law applies, the common-law principles obtain unless they are expressly revoked. (*Smith v. Laatsch,* 114 Ill. 271; *People ex rel. Nelson v. West Englewood Trust and Savings Bank,* 353 Ill. 451; 15 C.J.S. 619.) In the absence of legislative intent to the contrary, the repeal of a statute declaratory of the common law does not necessarily abolish the common law. 15 C.J.S. 621.

Plaintiff in error urges that the trial court in fixing the punishment for this offense violated the specific directions of section 6a of division XIV of the Criminal Code. (Ill. Rev. Stat. 1953, chap. 38, par. 754a.) That section states, in part:

"For all crimes or offenses to which the act cited in the preceding paragraph may not be applicable [An Act to revise the law in relation to the fixing of the punishment and the sentence and commitment of persons convicted of crime or offenses, and providing for a system of parole. Ill. Rev. Stat. 1953, chap. 38, par. 801-816,] the following procedure shall apply: * * *

"(b) * * * In all cases where the penalty as prescribed by statute is confinement in the county jail, or fine, or both, if the jury finds the accused guilty, it shall also fix the time of confinement, or fine, or both, as the case in its judgment requires."

The reckless driving provision of the Uniform Traffic Act provides that "Every person convicted of reckless driving shall be punished upon a first conviction by imprisonment for a period of not less than 5 days nor more than 90 days, or by fine of not less than Ten dollars ($10.00) nor more than Five Hundred Dollars ($500.00), or by both such fine and imprisonment." Plaintiff in error was sentenced under the above provision, to 60 days' imprisonment in the House of Correction and fined $300 plus costs of

$28.20. The sentence imposed by the court falls within the limits set by the reckless driving statute for first offenders. The reckless driving statute does not specifically provide whether the court or the jury shall fix the punishment upon conviction. No such provision being incorporated, and the section providing for imprisonment, or fine, or both, make it a kind of offense which would seem to meet all the requirements for the application of that part of section 6a of division XIV of the Criminal Code set forth above.

However, a look at the history of section 6a provides an answer to the applicability of this section to the offense of reckless driving. The history of the section begins in 1874 with the passage of its statutory ancestors, sections 6, 7 and 8 of division XIV of the Criminal Code. (Ill. Rev. Stat. 1874, chap. 38, pars. 444, 445, 446.) By these statutory provisions, it was declared that punishment in all cases where punishment shall be confinement in the penitentiary shall be determined by the jury if the case is tried by a jury, and where the punishment may be either by imprisonment in the penitentiary, or by confinement in the county jail, with or without fine, if the jury will not inflict punishment of imprisonment in the penitentiary, then the jury shall merely determine the guilt of the accused and the court shall fix the time of confinement in jail, or fine, or both.

In 1895 the Parole Act became law, establishing the principle of the indeterminate sentence in cases of felony, and, for a time, although the statute providing jury determination was not repealed, it was superseded and did not in fact operate upon any felony whatever. Subsequently the Parole Act was amended and the crimes of treason, murder, rape and kidnapping were by amendment excluded from its operation, with the effect that these crimes again came under the statute providing for jury determination. Much of this background is set forth in the case of *People ex rel. Georgetown* v. *Murphy*, 202 Ill.

493, which states: "The plan adopted in framing the Criminal Code was to define, in alphabetical order, in division 1 of the Code, the offenses which should be deemed criminal, and to declare the manner of punishment to be inflicted and the minimum and maximum thereof, and to provide by division 14, for the judgment and execution of such punishment. Said section 6 of division 14, [par. 754,] which directs that the time of the imprisonment of any person found guilty of any offense against the code punishable by imprisonment in the penitentiary should be fixed by the jury which determined the guilt of such person, was and is general in its character, and was intended to apply to all crimes which, under the provisions of division 1 of the code, were then punishable by that character of imprisonment or which might thereafter be created and made so punishable."

Section 6a (par. 754a,) of division XIV of the Criminal Code passed in 1943, is an amendment to the Criminal Code and amends former sections 6, 7 and 8 of division XIV passed in 1874. Like section 6, section 6a provides a system of fixing punishment for those crimes enumerated in the Criminal Code. It is an amendment to division XIV of the Criminal Code which, under the plan of the code, provides for the judgment and execution of the punishment of those convicted of offenses deemed criminal in division 1 thereof. The defendant points to no case in this State, nor can we find one, where the court has held that punishment must be assessed by a jury except those cases within the Criminal Code which have been held to be subject to section 6a.

The reckless driving statute, under which defendant was convicted, is a section of the Uniform Traffic Act. The offense of reckless driving is not an offense defined in division 1 of the Criminal Code, hence the provisions of section 6a do not apply thereto. The Appellate Court was correct in holding section 6a does not apply to a violation of the Uniform Traffic Act, such as we have here. The

entire language of the section refers to crimes punishable under the Criminal Code, and it cannot be held that said section is so broad that it repeals any and all provisions throughout the entire statutory and common law of Illinois.

· We can discover no merit in any of the contentions raised by defendant on this review. The trial court quite properly fixed the punishment of defendant upon his conviction by the jury. Accordingly, the judgment of the Appellate Court, Third District, is affirmed.

*Judgment affirmed.*