People of State of Illinois, Plaintiff-Defendant in Error, v. John C. Lenihan, Defendant-Plaintiff in Error.

Gen. No. 11,055.

Second District, Second Division.
September 16, 1957.
Released for publication October 4, 1957.

E. M. Sullivan, of Amboy, and Bessee & Bessee, of Sterling, for plaintiff in error.

James E. Bales, State's Attorney, of Dixon, for defendant in error.

JUSTICE WRIGHT delivered the opinion of the court.

Plaintiff in error, John C. Lenihan, hereinafter called the defendant, prosecutes this writ of error to review a judgment of the county court of Lee county. In the county court, defendant was charged with the offense of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor as defined in section 47 of the Uniform Traffic Act. (Ill. Rev. Stat. 1955, chap. 95½, par. 144.) The jury returned the following verdict: "We, the Jury, find the defendant, John C. Lenihan, guilty of the offense of driving a motor vehicle while under the influence of intoxicating liquor on the 23rd day of June, A. D., 1956, in manner and form as charged in the information, and we fix his punishment at a fine of $400."

The defendant assigns as error the following: 1. That he did not receive a fair trial because the state's attorney was permitted to argue and comment to the jury upon the failure of the defendant to call a

witness, 2. That there is not sufficient evidence to support the verdict of the jury, and, 3. The jury improperly fixed the penalty instead of the trial judge fixing the penalty.

Defendant contends he did not receive a fair trial because the state's attorney was permitted to argue and comment to the jury upon the failure of the defendant to call a witness. The exact statement complained of is not in the abstract of the record or in the record before us. The defendant cites People v. Rubin, 366 Ill. 195, 7 N.E.2d 890; People v. Munday, 280 Ill. 32, 117 N. E. 286. In both the Rubin and Munday cases such statements were held to be error and this is the rule and a correct statement of the law. However, in the instant case we believe the evidence before us justifies a different conclusion.

The defendant was arrested at approximately 1:15 a.m. He accounted, by witnesses, for his actions to 12:15 a.m. No witnesses except the defendant testified concerning his activities from 12:15 a.m. until approximately 1:00 a.m. Defendant testified that after 12:15 a.m. his janitor wanted some spray to spray the flies in defendant's tavern and that he, the defendant, drove home and returned with the spray and a pump attachment. The janitor tried to work it and it did not work. The defendant got it working for the janitor and by this time it was close to 1:00 a.m. This evidence was all on direct examination of the defendant. On cross examination the defendant stated the name of the janitor, that the janitor cleaned every Friday and Saturday and was present on the night in question. By this testimony it is reasonable to assume defendant tried to prove his activities and the fact he was not drinking during this particular period. The activity with the janitor was injected into the case by the defense.

 Where the defendant injects into a case his activities with a potential witness during a particular

period of time ostensibly for the purpose of proving his innocence of the crime charged, his failure to produce such witness is a proper subject of comment upon the part of the state. People v. Swift, 319 Ill. 359, 150 N. E. 263. The remark of the state's attorney in the instant case does not come within the rule referred to in the Rubin case, supra, and Munday case, supra.

In People v. Lion, 10 Ill.2d 208, 139 N.E.2d 757, the court held proper a remark by the prosecuting attorney that the defendant had not seen fit to call the hospital attendants to testify as to his state of inebriation. Such evidence having been brought out in this case by the defendant allowed this to become a subject of fair comment. People v. Halteman, 10 Ill.2d 74, 139 N.E.2d 286. We have carefully considered the evidence in the record before us and we do not feel that the comment of the state's attorney in argument was one to constitute error. The defendant was not injured or prejudiced thereby and he received a fair trial.

 It would not aid in the determination of this case to recite the evidence produced in behalf of the people and defendant. Suffice to say there is ample and sufficient evidence in the record before us to support the verdict of the jury. Likewise, the trial court did not err in refusing to direct a verdict in favor of the defendant or refusing to grant a new trial. A reviewing court will not disturb a verdict of guilty on the ground that the evidence is not sufficient to convict unless it is so palpably contrary to the evidence or so unreasonable, improbable or unsatisfactory as to justify the court in entertaining a reasonable doubt of the defendant's guilt. People v. Woodruff, 9 Ill.2d 429, 137 N.E.2d 809. Since the jury observed the witnesses and was in a much better position to evaluate their testimony than a court of review, its verdict will not now be disturbed. People v. Lion, 10 Ill.2d 208, 139 N.E.2d 757.

■ Defendant lastly urges as error that the verdict of the jury was defective in that the jury rather than the court fixed the penalty. In the case of People v. Davis, 1 Ill.2d 597, 116 N.E.2d 372, the Supreme Court reviewed the question of whether or not a jury or a judge should fix the penalty in a conviction for the offense of reckless driving of a motor vehicle. Section 6a of division XIV of the Criminal Code (Ill. Rev. Stat. 1953, Chap. 38, par. 754a.) provides a system of fixing punishment for those crimes enumerated in the Criminal Code. In the Davis case, supra, 1 Ill.2d 597, 602–603, 116 N.E.2d 372, 375, the court stated: "The reckless driving statute, under which defendant was convicted, is a section of the Uniform Traffic Act. The offense of reckless driving is not an offense defined in division 1 of the Criminal Code, hence the provisions of section 6a do not apply thereto. The Appellate Court was correct in holding section 6a does not apply to a violation of the Uniform Traffic Act, such as we have here. The entire language of the section refers to crimes punishable under the Criminal Code, and it cannot be held that said section is so broad that it repeals any and all provisions throughout the entire statutory and common law of Illinois." Similarly, under the provisions of the Uniform Traffic Act, the punishment for driving an automobile while intoxicated was held to be properly fixed by the judge, rather than by the jury. People v. Long, 2 Ill.App.2d 529. 120 N.E.2d 51. In a prosecution for a misdemeanor under the Medical Practice Act it has been held the duty of the court, and not of the jury, to impose the penalty therein provided. People v. Mainard, 348 Ill. App. 53, 107 N.E.2d 878. Thus in the instant case in a prosecution under the Uniform Traffic Act for operating a motor vehicle while under the influence of intoxicating liquor, it was not proper for the jury to fix the punishment. This assignment of error of

the defendant is well taken and the case must be re-manded with directions so that the trial court may impose proper punishment.

Accordingly the judgment of conviction of the defendant is affirmed but the cause is remanded to the county court of Lee county for imposition of proper punishment.

Judgment affirmed and remanded with directions.

CROW, P. J. and SOLFISBURG, J., concur.