(No. 35740.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEE ROY JENSEN, Plaintiff in Error.

*Opinion filed Nov. 28, 1960.—Rehearing denied Jan. 18, 1961.*

Solfisburg, J., took no part.

T. R. Johnston, of Kankakee, and Joseph J. Mc-Govern, of Chicago, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Frank W. Curran, State's Attorney, of Kankakee, (Fred G. Leach, Assistant Attorney General, and Edward P. Drolet, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Bristow delivered the opinion of the court:

The defendant was charged with the offense of driving a motor vehicle upon a public highway, a street in the city of Kankakee, on June 8, 1958, without a valid operator's license and at a time when such license had been revoked by the Secretary of State as a result of his conviction in the county court of Kankakee County for driving a motor vehicle while under the influence of intoxicating liquor.

The defendant encountered some difficulties in obtaining a review of his case in the Appellate Court for the Second District because the record before that court failed to show that the report of proceedings was filed within the time prescribed by the rules. On February 8, 1960, judgment was entered by the Appellate Court affirming the judgment of the trial court, based only on the common-law record. (24 Ill. App. 2d 302.) However, we have allowed defendant to file an additional record from which it appears

that the report of proceedings was filed in time. In our review of the case we have therefore considered the evidence at defendant's trial.

Section 6—303 of the Motor Vehicle Law (Ill. Rev. Stat. 1957, chap. 95½, par. 6—303), provides that any person who drives a motor vehicle on any highway of the State at a time when his license is revoked shall be punished by imprisonment for not less than seven days nor more than one year, and in addition there may be a fine not in excess of $1,000. In this case the trial judge sentenced the defendant to the State Penal Farm at Vandalia for the period of 180 days. We have read the report of proceedings with care and have reached the conclusion that the jury's verdict of guilty is sustained by competent proof, and that the penalty is proportionate to the nature of the offense and is within the limits of the statute. ·

It would serve no good purpose for us to consider the many assignments of error that were so exhaustively discussed in the Appellate Court opinion. We concur in their analysis and disposition of the problems presented.

*Judgment affirmed.*

Mr. JUSTICE SOLFISBURG took no part in the consideration or decision of this case.