THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MICHAEL RUBERG, Defendant-Appellee.

Third District   No. 78-404

Opinion filed September 28, 1979.

Stephen Landuyt, State's Attorney, of Oquawka (John X. Breslin, of State's Attorney's Appellate Service Commission, of counsel), for the People.

Greg McClintock, of Kritzer, Stansell, Critser & Whitman, of Monmouth, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

The State here appeals from an order of the Circuit Court of Henderson County dismissing a complaint for failure to allege defendant's mental state in charging unlawful entry into a motor vehicle in violation of section 4—102(b) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 4—102(b)). The sole issue on appeal is whether mental state is a required element of the offense. Section 4—102 provides as follows:

"It is a violation of this Chapter for:
(a) * * *
(b) A person, without authority to do so, to tamper with a vehicle or go in it, on it, or work or attempt to work any of its parts or components, or set or attempt to set it in motion."

A person found guilty of that offense commits a Class A misdemeanor, punishable by up to one year imprisonment and/or a $1,000 fine.

The complaint alleged that on November 15, 1977, defendant "without authority to do so went into a motor vehicle of the Village of Oquawka, being a 1975 Plymouth Grand Fury bearing 1977 Illinois Registration No. M—730 without the consent of the Village of Oquawka." Defendant pleaded not guilty and later filed a motion to dismiss the complaint for failure to state an offense by not alleging a mental state. The trial court granted the motion to dismiss, and upon the State's motion for reconsideration, the dismissal was affirmed. The court granted leave to file an amended complaint, but instead the State perfected this appeal.

■■ The State contends that the violation of the Illinois Vehicle Code charged here is an offense for which the legislature has imposed absolute liability. In order to protect the public effectively, the government may, in the exercise of its police power, make the performance of a specific act a crime regardless of either knowledge or intent. *People v. Fernow* (1919), 286 Ill. 627, 122 N.E. 155; *People v. Billardello* (1925), 319 Ill. 124, 149 N.E. 781.

In numerous cases the courts have construed violations of the Illinois Vehicle Code to be absolute liability offenses. For example, the cases of *Fernow* and *Billardello* involved violations of the statute prohibiting possession of a motor vehicle from which the manufacturer's serial number has been removed, defaced, or destroyed. (1917 Ill. Laws, §156, at 685.) The supreme court ruled that the statute created a crime which did not require criminal intent or knowledge and that section 15b was a

constitutional exercise of the police power. In *People v. Espenscheid* (1969), 109 Ill. App. 2d 107, 249 N.E.2d 866, Justice Ryan, speaking for the court, stated the general rule as follows:

> "The only intention necessary to render a person liable to a penalty for a violation of the automobile law is the doing of the act prohibited." (109 Ill. App. 2d 107, 111, 249 N.E.2d 866, 868.)

A defendant's intent or knowledge has been held immaterial on the question of guilt where the offense is driving while operator's license is suspended or revoked (*People v. Turner* (1976), 64 Ill. 2d 183, 354 N.E.2d 897; *People v. Strode* (1973), 13 Ill. App. 3d 697, 300 N.E.2d 323; *People v. Espenscheid*; *People v. Jensen* (1960), 24 Ill. App. 2d 302, 164 N.E.2d 228, *aff'd* (1960), 21 Ill. 2d 52, 171 N.E.2d 16); where the offense is unlawful use of driver's license (*People v. Van Cura* (1977), 49 Ill. App. 3d 157, 364 N.E.2d 564, *cert. denied* (1978), 434 U.S. 1034, 54 L. Ed. 2d 782, 98 S. Ct. 767); and where the offense is operating a vehicle under a fraudulent permit (*People v. White Brothers Equipment Co.* (1978), 63 Ill. App. 3d 445, 380 N.E.2d 396). In the latter case the court stated:

> "Statutes concerned with the registration and identification of motor vehicles and the operation of motor vehicles on the public highways are generally construed as imposing liability without fault or absolute liability. In other words, being *malum prohibitum*, no element of *scienter* or intent is involved in the violation of such statutes. (See generally Ill. Ann. Stat., ch. 38, par. 4—9, Committee Comments, at 281 (Smith-Hurd 1972).) This principle has been applied in numerous Illinois cases and is so well established as to require no discussion." 63 Ill. App. 3d 445, 450, 380 N.E.2d 396, 400.

Defendant cites one case, *People v. Nunn* (1978), 65 Ill. App. 3d 981, 328 N.E.2d 1305, *appeal allowed* (1979), 74 Ill. 2d 588, where a divided court held that knowledge is a required element of the offense of leaving the scene of an accident (Ill. Rev. Stat. 1975, ch. 95½, par. 11—401(a)). The contrary result was reached in *People v. Walker* (1974), 18 Ill. App. 3d 351, 309 N.E.2d 716.

The test for determining when a mental state is an element of a crime is set out in section 4—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 4—9), which provides:

> "A person may be guilty of an offense without having, as to each element thereof, one of the mental states described in Sections 4—4 through 4—7 [*i.e.*, intent, knowledge, recklessness, or negligence], if the offense is a misdemeanor which is not punishable by incarceration or by a fine exceeding $500, or *the statute defining the offense clearly indicates a legislative purpose*

*to impose absolute liability for the conduct described."* (Emphasis added.)

The question then is whether the Illinois Vehicle Code clearly indicates a legislative intent to impose absolute liability for entering a motor vehicle without authority.

■■ Section 21—2 of the Criminal Code defines a similar offense as follows:

> "Whoever knowingly and without authority enters any vehicle, aircraft or watercraft or any part thereof of another without his consent commits a Class A misdemeanor." (Ill. Rev. Stat. 1977, ch. 38, par. 21—2.)

Since the Criminal Code specifically requires knowledge as an element of the offense, and the Illinois Vehicle Code does not, we think it logical to assume that the legislature intended to provide a meaningful distinction between the two provisions. The obvious distinction is that the Criminal Code offense requires knowledge that the offender is entering a vehicle without the owner's consent while the Illinois Vehicle Code requires only entry without authority.

In *People v. Delay* (1979), 70 Ill. App. 3d 712, 388 N.E.2d 1316, the question on appeal was whether the offense of using a false name on a salvage certificate application was an absolute liability offense under the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 4—105(e)). The court first observed that, as a general rule, motor vehicle violations are regarded as absolute liability offenses, even those that involve a felony penalty, and then examined the legislative history of section 4—105(e). In 1967, the predecessor section, section 4—103(d), was amended by deleting the phrase "with fraudulent intent." The court stated:

> "Where, as a result of an amendment or revision, words are stricken from the statute, it must be concluded that the legislature deliberately intended to change the law. (*Town of City of Champaign v. Overmeyer's, Inc.* (1958), 18 Ill. App. 2d 523, 152 N.E.2d 752.) The inherent implication of the legislature's deletion of the specific mental state requirement is that neither intent nor any other criminal mental state is needed to impose liability under the present section 4—105(e)." (70 Ill. App. 3d 712, 715, 388 N.E.2d 1316, 1319.)

The court went on to observe that section 4—105(f) provides that it is a violation for any person to commit a fraud in connection with any application under the Act, and consequently if section 4—105(e) were construed as requiring an intent to defraud, then section 105(f) would be rendered superfluous. In the case at bar, if section 4—102(b) of the Illinois Vehicle Code is construed as requiring criminal knowledge, then section 21—2 of the Criminal Code would be superfluous.

Before 1967, section 4—102(d) of the Illinois Vehicle Code (the provision which preceded section 4—102(b)) specifically included "with intent to commit a crime" as an element of the crime, but criminal intent was deleted by the legislature in 1967 when the section was amended. (Compare Ill. Rev. Stat. 1965, ch. 95½, par. 4—102(d), with Ill. Rev. Stat. 1967, ch. 95½, par. 4—102(b).) Just as in *People v. Delay*, the clear implication of the legislative action is to impose absolute liability for the violation of the present section 4—102(b) without requiring proof of criminal knowledge or intent.

For the reasons stated, we reverse the order of the Circuit Court of Henderson County and remand this cause for further proceedings.

Reversed and remanded.

STOUDER, P. J., and SCOTT, J., concur.