THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEE V. ROBINSON, Defendant-Appellant.

Third District    No. 80-56

Opinion filed October 15, 1980.

Robert Agostinelli, Peter A. Carusona, and G. Joseph Weller, all of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Lee Robinson appeals from his convictions for robbery and home invasion in a jury trial. Robinson was sentenced to seven years imprisonment on the robbery conviction and eight years on the home invasion conviction. The defense on this appeal raises two issues: (1) whether the statutory section setting forth the offense of home invasion is unconstitutional for failure to include an element of felonious intent at the time of entry; and (2) whether the court erred in considering the circumstances of the offense as an aggravating factor in imposing the sentence for robbery.

The record reveals that on May 31, 1979, the defendant Lee Robinson, along with another man, participated in an attack upon Emmanuel Engelmann in Engelmann's home. In the early morning hours on that date, Engelmann, who was 70 years old, was awakened by a knock at his rear door. He turned the kitchen light on and went to the door. Engelmann then let into his kitchen one Betty Norton, a prostitute with whom he was acquainted and with whom he had done business.

Within a minute or two after Norton's entry into the house, two men, one of whom was Lee Robinson, rushed through the back door. After a short conversation with Norton, the men attacked Engelmann. He was struck several times on the top of his head. Although Engelmann stated he did not know what he was hit with, the police later recovered a blood-stained tire iron from the assailants' auto with blood type matching Engelmann's on it. During the attack, his ear was almost torn off and one of the men held a cap pistol to his ear, repeatedly snapping it. One of the men kept shouting during the beating, "kill him, kill him." The men stopped beating Engelmann only when he told them he had some money. They then took approximately $260 from him and left. Engelmann was hospitalized for three days as a result of the beating.

The jury returned verdicts of guilty on both the robbery and the home invasion counts. The presentence report on defendant Robinson indicated that he had no prior record, that he was a Vietnam veteran with an Honorable Discharge, and that he was 32 years old. It was also established that during the pendency of the proceedings, Robinson's brother and mother had both died and that he had been released to attend those funerals and had conducted himself well. He also had a good work record. The testimony in aggravation was that of the victim Emmanuel Engelmann, who recounted the circumstances of the attack, his injuries and his hospitalization. Engelmann did state that he could not identify which of the two intruders had struck him during the attack. After reviewing the facts and circumstances bearing upon the sentencing, the court concluded that the minimum for robbery was inappropriate, and Robinson was sentenced to the maximum term for robbery, seven years, and to eight years on the home invasion charge. Home invasion, a Class X felony, carries a possible maximum of 30 years.

■■ The first issue the defense seeks to raise is the constitutionality of the home-invasion provisions of the Criminal Code. (Ill. Rev. Stat. 1979, ch. 38, par. 12—11.) The record establishes that this attack upon the constitutionality of the statutory provisions is made now on appeal for the first time. No objection raising the issue was made in the trial court either during trial or by way of post-trial motion. The State, given the failure of the defense to raise the issue prior to appeal, argues that the issue has been waived. The general rule of waiver is that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. (*People v. Lykins* (1979), 77 Ill. 2d 35, 38, 394 N.E.2d 1182.) This rule has been applied to both constitutional and nonconstitutional issues. (77 Ill. 2d 35, 38-39; *People v. Amerman* (1972), 50 Ill. 2d 196, 279 N.E.2d 353; *Dept. of Transportation v. Collins* (1979), 69 Ill. App. 3d 269, 273, 387 N.E.2d 6. But see *People v. Williams* (1978), 60 Ill. App. 3d 726, 377 N.E.2d 285; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) We conclude that

the issue was waived by the failure of the defense to raise it below, and we also conclude that there is no basis to invoke the plain error rule. Some comment is necessitated by our conclusion that plain error is not involved.

The home invasion statute provides:

"(a) A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present and

(1) while armed with a dangerous weapon uses force or threatens the imminent use of force upon any person or persons within such dwelling place whether or not injury occurs, or

(2) Intentionally causes any injury to any person or persons within such dwelling place." (Ill. Rev. Stat. 1979, ch. 38, par. 12—11.)

The defense, in what it characterizes as a due process attack on the statute, argues that these provisions are constitutionally infirm because they require no intent to do an unlawful act at the time of entry. The basis of their argument is that the statutory provisions make a lawful act (mere unauthorized entry), retrospectively criminal upon the occurrence of other subsequent acts, threats or use of force. It is not *ex post facto* argument, but a so-called "criminal retrospecitivity" one, which the defense admits has no case support. No useful purpose is served in setting forth the argument in more detail, as it is basically flawed in its assumptions.

■■ The error in the defense argument lies in its shortsighted and erroneous view of the home invasion statute. The statute does not take a lawful act, unauthorized entry into the dwelling of another, and then retrospectively make that entry criminal because of the conduct of the invader while in the home. The offense of home invasion consists of two parts: unauthorized entry *and* the use or threat of force by the invader while armed with a deadly weapon or intentional injury by the invader upon an occupant. The unauthorized entry is not mysteriously made criminal by the subsequent threat or use of force upon the occupant. The offense is committed when both parts of the statute are satisfied. So, in the instant case, the criminal act of the defendant was his unauthorized entry into the home of Mr. Engelmann *and* the use of force to injure Mr. Engelmann. These two actions comprise the offense of home invasion. No constitutional provision requires that the legislature include criminal intent at the time of entry in the offense of home invasion. (See, *e.g., People v. Ruberg* (1979), 76 Ill. App. 3d 671, 395 N.E.2d 205.) Nor do we perceive any vagueness problem with this provision. The provisions are sufficiently specific to serve as a guide for those to whom they apply. It informs all who might be tempted that they cannot, with impunity, enter another's

dwelling, with reason to believe that the other is home, and therein threaten force with a deadly weapon or actually injure the occupant.

The second issue raised by the defense concerns the sentence imposed by the trial court. The trial court found that the fact that Mr. Engelmann was seriously injured in the attack upon him was an aggravating factor which called for a more severe sentence. Defendant was sentenced to the maximum on the robbery, seven years, and eight years on the home invasion conviction. The defense argues that it was improper for the court to take cognizance of the injury caused to Mr. Engelmann, since the threat or use of force is an element in both robbery and home invasion, and thus the legislature took the factor into account, and it should not be used a second time as an aggravating factor. (See *People v. Brownell* (1980), 79 Ill. 2d 508.) In the *Brownell* case, the supreme court was construing the murder statute (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(b)(7)) and the legislature's intent with regard to that statute. The issue addressed therein involved a question unique to that different statutory scheme and the case has no bearing on the instant appeal.

■■ It is well established that the proper sentence in a case must be based upon the particular circumstances of each case. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882; *People v. Phillips* (1978), 58 Ill. App. 3d 109, 373 N.E.2d 1072.) A number of factors are to be taken into consideration by the trial court when sentencing, and these include that "the defendant's conduct caused or threatened serious harm." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2.) Thus, the legislature has indicated clearly and unequivocally that a trial court should take such fact into account as an aggravating factor when deciding the severity of the sentence for a defendant. That is precisely what the trial court did in the instant case. In this case, the trial court concluded that the fact that the defendant had participated in the serious beating of a 70-year-old man with a tire iron, causing him serious injury, was a factor requiring a severe sentence. Actually, the court was relatively lenient, imposing the maximum for robbery, seven years, but only eight years on the home invasion. Those sentences were to run concurrently. As noted earlier, the court could have imposed up to 30 years on the latter conviction. For the reasons stated, we find no error in the sentences imposed, and the convictions and sentences of the Circuit Court of Will County are affirmed.

Affirmed.

STOUDER and STENGEL, JJ., concur.