(No. 47553.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. FRANK TURNER, a/k/a Karry Sharp, Appellee.

*Opinion filed September 20, 1976.*

William J. Scott, Attorney General, of Springfield, and Basil G. Greanias, State's Attorney, of Decatur (James B. Zagel, Jayne A. Carr, and Timothy B. Newitt, Assistant Attorneys General, of Chicago, and Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Richard J. Wilson, Deputy Defender, Office of State Appellate Defender, of Springfield (John L. Swartz, Assistant Defender, of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

We granted the People leave to appeal from a judgment of the appellate court (26 Ill. App. 3d 1051) reversing the conviction of the defendant, Frank Turner, a/k/a Karry Sharp, in the circuit court of Macon County, for driving a motor vehicle after revocation of his driving privileges in violation of section 6—303 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 6—303).

At some time prior to May 29, 1968, the defendant, under the name of Frank Turner, made application to the Secretary of State for an automobile driver's license. On May 29, 1968, the Secretary of State ordered the defendant's license revoked on the ground that he had been convicted of a felony in the commission of which a motor vehicle had been used. (Ill. Rev. Stat. 1967, ch. 95½, par. 6—205(a)(3).) The order of revocation stated in addition that the defendant's "privilege of obtaining a license" was revoked. Later in 1968 another order of revocation of license was issued by the Secretary for the defendant's having used a driver's license issued to another person. (Ill. Rev. Stat. 1967, ch. 95½, par. 6—206(a)(10).) In 1970 the defendant applied for a license in his own name, which application was denied by the Secretary. In June of 1972, the defendant again applied for a driver's

license, this time using the name "Karry Sharp." On this application he answered "No" to the question asking whether his driving privileges had ever been revoked in this or another State. He was issued a license by the Secretary under the name "Karry Sharp."

In February and May of 1973, on three occasions, the defendant was arrested and charged with driving while his privilege to drive was revoked. Following these arrests, the Secretary, on June 7, 1973, entered an "order of cancellation" which cancelled the license issued in the name of "Karry Sharp" on the ground that the defendant had not been entitled to its issuance because of the revocations ordered in 1968. (Ill. Rev. Stat. 1973, ch. 95½, par. 6—201(a).) On October 25, 1973, the defendant was convicted before a jury on three counts of driving after revocation of the privilege to drive and was sentenced to a year in the custody of the Department of Corrections.

In reversing the convictions the appellate court held that the prosecution had not proved that the defendant had driven a motor vehicle while his privilege to do so was revoked. The court judged basically that the issuance of the license in 1972 under the name of "Karry Sharp" effectively restored the defendant's driving privileges until that license was cancelled in June of 1973, subsequent to the defendant's arrests.

Section 6—303(a) of the Illinois Vehicle Code makes it a Class A misdemeanor for any person to drive a motor vehicle on any highway of this State at a time when his driver's license or privilege to drive, or his privilege to obtain a license, is revoked. (Ill. Rev. Stat. 1973, ch. 95½, par. 6—303(a).) The elements of the offense are: (1) the act of driving a motor vehicle on the highways of this State, and (2) the fact of the revocation of the driver's license or privilege. (*People v. Strode,* 13 Ill. App. 3d 697, 698; *People v. Jensen,* 24 Ill. App. 2d 302, 314, *aff'd,* 21 Ill. 2d 52.) Only the second element has been questioned by the defendant.

Section 6—103(3) of the Code (Ill. Rev. Stat. 1973, ch. 95½, par. 6—103(3)) prohibits the Secretary from issuing a license to any person whose license has been revoked except, as relevant here, in accordance with section 6—208. Section 6—208(b) provides:

"Any person whose license or permit or privilege to drive a motor vehicle on the highways has been revoked shall not be entitled to have such license or permit or privilege renewed or restored. However, such person may make application for a license as provided by Section 6—106 of this Act:

(1) If the revocation was for a cause which has been removed, at any time; or

(2) If the revocation was for any other cause, after the expiration of 1 year from the date of revocation.

In either event, the Secretary of State shall not issue such license unless and until he is satisfied after investigation of such person that to grant the privilege of driving a motor vehicle on the highways will not endanger the public safety or welfare." (Ill. Rev. Stat. 1973, ch. 95½, par. 6—208(b).)

These sections make it clear that if a license or privilege to drive has been revoked there is no automatic restoration of the privilege. (*People v. Suddoth*, 52 Ill. App. 2d 355, 358.) Before the privilege to drive may be restored, section 6—208 first requires the making of an application for a license as provided in section 6—106. Then, as an additional requirement, the Secretary must make a determination that granting the privilege will not endanger the public safety or welfare.

A part of section 6—106 which is significant here provides: "Every application shall state *** whether the applicant has theretofore been licensed as a driver, *** and whether any such license has ever been cancelled, suspended, revoked or refused, and, if so, the date and reason for such cancellation, suspension, revocation or refusal ***." Ill. Rev. Stat. 1973, ch. 95½, par. 6—106(b).

The legislature has established through section 6—208 the procedure to have driving privileges restored. It calls

for the disclosure of the revocation or other action taken against the applicant and then provides that the Secretary shall not issue a license until he has investigated the applicant and determined that to grant the privilege of driving on the highways will not endanger the public safety or welfare.

The Secretary of State had revoked the defendant's license, and it could be restored only upon compliance with the provisions of the statute. The defendant, of course, did not comply with the provisions of section 6—208. His privilege to drive was not restored through his fraudulently obtaining a license under the name "Karry Sharp."

For the reasons given, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*