THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROGER A. WALDRON, Defendant-Appellant.

Fourth District   No. 4—90—0470

Opinion filed February 7, 1991.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Following a bench trial in the circuit court of Livingston County, defendant Roger Waldron was convicted of the offense of driving while license revoked (DWR) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303) and was thereafter sentenced to a term of 364 days' imprisonment. Defendant appealed, and this court reversed and remanded the judgment of the trial court. (*People v. Waldron* (4th Dist. 1989), No. 4—88—0770 (unpublished order under Supreme Court Rule 23).) After a jury trial, defendant was again found guilty of the foregoing offense and was sentenced to a term of 364 days' imprisonment with full credit for 364 days previously served. Defendant appeals from and we affirm his conviction.

At defendant's trial, Dwight police officer Tim Henson testified that on October 14, 1987, he saw defendant's car parked in a handicapped zone. After observing that the car displayed no handicapped parking permit, Henson ran a license check which revealed that the car was registered to the defendant, whose driver's license had been revoked in Illinois. Some time later, Henson observed the defendant enter his car and drive out of the parking lot. After Henson stopped the vehicle, defendant gave him a Kansas driver's license. Henson's check revealed that defendant did, in fact, have a Kansas driver's license. However, Henson noticed several areas of misleading information on the Kansas license. He testified that defendant's date of birth, eye color, and weight were different when he compared the information on the Kansas license with the information on the Illinois license. Henson issued defendant a citation for DWR.

Following Henson's testimony, the State admitted into evidence People's exhibit No. 1, which is a certification by the Illinois Secretary of State that defendant's driving privileges were revoked on May 22, 1980, and that the revocation was in effect on October 14, 1987.

Defendant testified that he could not explain the discrepancies in the two licenses because, in order to receive his Kansas license, he had to turn in his Illinois license "which they got the information off of." On cross-examination, defendant was shown People's exhibit No. 2, which is a Kansas driver's license application bearing defendant's signature dated September 25, 1985. Defendant admitted that his height and eye color were not the same on his Illinois license and his Kansas license application. The Kansas license application also contains a series of questions, the first of which reads, "Is your license suspended or revoked?" The response checked on the application is "No."

■ On appeal, defendant concedes that he was driving on the highways of this State with a revoked Illinois license, but contends that he was not proved guilty beyond a reasonable doubt. We disagree. When presented with a challenge to the sufficiency of the evidence, it is not the function of this court to retry the defendant. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.) Once the defendant has been found guilty of the charged crime, the fact finder's role as weigher of the evidence is preserved through a legal conclusion that, upon judicial review, all the evidence is to be considered in the light most favorable to the prosecution. (*Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 277.) The relevant question is whether, after viewing the evidence in such a fashion, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 61 L. Ed. 2d at 573, 99 S. Ct. at 2789; *Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 277.

■ ■ It is well settled that the only elements necessary to prove the offense of driving a motor vehicle after the revocation of one's driving privileges are (1) the act of driving a motor vehicle on the highways of this State, and (2) the fact of the revocation of the driver's license or privilege. (*People v. Turner* (1976), 64 Ill. 2d 183, 185, 354 N.E.2d 897, 898; *People v. Papproth* (1977), 56 Ill. App. 3d 683, 686, 371 N.E.2d 1097, 1099.) The proper issuance of a foreign license under article VII of the Illinois Vehicle Code (Code) entitled "Driver License Compact" (Ill. Rev. Stat. 1989, ch. 95½, pars. 6—700 through 6—708), terminates an Illinois revocation in the same way that issuance of an Illinois license under section 6—208 of the Code (Ill. Rev. Stat. 1989, ch. 95½, par. 6—208) terminates an Illinois revocation. (*People v. Hutson* (1989), 178 Ill. App. 3d 836, 838, 533 N.E.2d 1128, 1129, *cert. denied* (1989), 126 Ill. 2d 563.) However, if one purposely conceals the fact of the previous revocation of his license in order to mislead the authorities and prevent them from properly determining whether he should be granted a license, he

may not interpose a license so procured as a defense to the charge of driving while his license was revoked. *Turner*, 64 Ill. 2d at 187, 354 N.E.2d at 899; *Papproth*, 56 Ill. App. 3d at 688, 371 N.E.2d at 1100.

In *Turner* and *Papproth*, the defendants presented improperly obtained Illinois licenses as a defense to the charge of DWR. Although *Turner* and *Papproth* are distinguishable in this manner, this distinction provides no basis for reversing defendant's conviction. There is no reason to find that a license fraudulently obtained in another State is a valid defense to a charge of driving on a revoked license in Illinois. This court's decision in *People v. Jordan* (1980), 85 Ill. App. 3d 589, 406 N.E.2d 1135, lends support to our conclusion.

■ Defendant argues that the evidence fails to support a finding that he was attempting to perpetrate a fraud in obtaining his Kansas license. He contends that, like the defendant in *Papproth*, he obtained his license through an honest mistake rather than an act calculated to deceive. A misrepresentation in order to constitute a fraud must consist of a statement of material fact, false and known to be so by the party making it, made to induce the other party to act, and, in acting, the other party must rely on the truth of the statement. (*Roth v. Roth* (1970), 45 Ill. 2d 19, 23, 256 N.E.2d 838, 840.) The evidence supports a finding of fraud.

■ People's exhibit No. 1 includes the certification of the Illinois Secretary of State that all statutory notices of revocation were properly given. The matter of defendant's knowledge of the revocation was an issue for the trier of fact. The additional discrepancies between the Illinois and Kansas licenses provided the jury with further evidence from which to infer that defendant's statement that his license was not revoked was not the product of an honest mistake or confusion. In sum, the jury could properly infer that the defendant knew his Illinois license was revoked, that he informed the Kansas Secretary of State that it was not revoked in order to induce the issuance of a license, and that the Kansas Secretary of State issued a driver's license in reliance upon his misrepresentation.

Accordingly, we conclude that the evidence was sufficient to prove the elements of the charged offense beyond a reasonable doubt.

Affirmed.

SPITZ and McCULLOUGH, JJ., concur.