THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GARY L. LENZ, Defendant-Appellee.

Second District   No. 2—98—0079

Opinion filed December 4, 1998.

Charles W. Roddick, State's Attorney, of Galena (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

John H. Vogt, of Beckmire, Garrity, Vogt & Olson, of Freeport, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

On August 7, 1997, defendant, Gary L. Lenz, was charged with driving while his license was revoked (625 ILCS 5/6—303(a) (West 1996)). Defendant filed a motion to dismiss the charge, alleging that he had a valid Iowa driver's license that was issued in February 1995. Following a hearing, the court granted the motion. The State appeals, and we reverse.

We note that defendant has failed to file a brief. However, we find that the record is simple and the claimed error is such that we can decide the issue without the aid of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

In defendant's motion to dismiss the driving with a revoked license charge, he alleged the following. Defendant is and always has been an Iowa resident. His privileges to drive in Illinois were revoked on October 1, 1983. Iowa issued defendant a driver's license on February 13, 1995, and this license was valid when he was stopped for the present charge. Iowa and Illinois are members of the Driver License Compact (see 625 ILCS 5/6—700 *et seq.* (West 1996)), and the Iowa license conformed to section 6—704 of the Illinois Vehicle Code (625 ILCS 5/6—704 (West 1996)).

At the hearing on the motion, defendant argued that Iowa's issuing him a driver's license ended his Illinois revocation and therefore he was entitled to have the charge dismissed. Defendant relied on a case from the Appellate Court, Third District, *People v. Hutson*, 178 Ill. App. 3d 836 (1989). The State argued that the license had to be properly issued and that defendant had the burden to show through application materials that he disclosed to the Iowa authorities his revoked Illinois privileges. Defendant responded that the court should not presume that the license was not properly issued and that, if it was defendant's burden to prove that it was, then he wanted time to obtain the appropriate records. The court reserved ruling and later issued a written decision granting defendant's motion. The court based its decision on *Hutson*.

On appeal, the State argues that the court erred in granting the motion to dismiss. The State contends that the court should not have granted the motion without first determining whether defendant's Iowa license had been properly issued. The State also argues that the court should have addressed who had the burden of proof and that the burden is defendant's. We agree with the State that the court erred in granting the motion to dismiss, but not for any of the reasons the State argues.

Defendant essentially obtained a dismissal for the sole reason

that he had a defense to the charge. The grounds for which a trial court may dismiss a criminal charge prior to trial are listed in sections 114—1(a)(1) through (a)(11) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/114—1(a)(1) through (a)(11) (West 1996)). That the defendant may have a valid defense to the charge is not one of those grounds. A trial judge also has the inherent authority to dismiss a charge for reasons other than those listed in section 114—1(a) when his failure to do so will result in a miscarriage of justice or a deprivation of due process. *People v. Newberry*, 166 Ill. 2d 310, 313-14 (1995). That is not the situation here.

■ The issues the parties sought to resolve through a motion to dismiss are evidentiary matters that should be resolved at trial. If the State still wishes to take this case to trial, that would be the appropriate forum in which to test the validity of defendant's Iowa driver's license. For instance, in *People v. Waldron*, 208 Ill. App. 3d 234 (1991), the defendant was charged with driving with a revoked license and interposed a Kansas driver's license as a defense. The State presented evidence that the defendant's Kansas driver's license was obtained through misinformation on the Kansas license application. The defendant was convicted, and the Appellate Court, Fourth District, affirmed the conviction, noting that a license fraudulently obtained was not a valid defense to driving with a revoked license. *Waldron*, 208 Ill. App. 3d at 236-37.

We must conclude that the case relied upon by the trial court, *Hutson*, was wrongly decided. In *Hutson*, defendant was charged with driving with a revoked Illinois driver's license. Defendant moved to dismiss the charge, relying on a subsequently obtained Iowa driver's license. The court granted the motion, and the third district affirmed. The third district held that the proper issuance of a foreign license under the Driver License Compact terminates an Illinois revocation. *Hutson*, 178 Ill. App. 3d at 838. There was no discussion in *Hutson* about whether the license was properly issued. More importantly, though, the third district never stated under what authority defendant sought the dismissal or under what authority the trial court granted the dismissal.

As in the case before us, the parties in *Hutson* treated the motion like a section 2—619(a)(9) (735 ILCS 5/2—619(a)(9) (West 1996)) motion to dismiss in a civil case, without a discussion of whether the Code provided for such a motion. The grounds for which a pretrial dismissal of the charge may be had in a criminal case are set forth in section 114—1(a) of the Code. Because the defendant's motion to dismiss in *Hutson* did not rely upon one of these grounds, we believe the third district erred in affirming the dismissal. Accordingly, we decline to follow that case.

The judgment of the circuit court of Jo Daviess County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BOWMAN and HUTCHINSON, JJ., concur.