# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *People v. Jackson*, 2013 IL 113986

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Appellants, v. AARON JACKSON, Appellee. |
| Docket No. | 113986 |
| Filed | February 7, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where a driver whose license had been revoked obtained another one, allegedly by misleading officials, a charge under the statute forbidding driving on a revoked license should not have been dismissed for the statute's purported denial of due process as applied where the case could be decided on nonconstitutional grounds concerning proof of the elements of the offense—circuit court dismissal of charge vacated. |
| Decision Under Review | Appeal from the Circuit Court of Clinton County, the Hon. Dennis Middendorff, Judge, presiding. |
| Judgment | Vacated and remanded. |

| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and John Hudspeth, State's Attorney, of Carlyle (Michael A. Scodro, Solicitor General, and Clifford W. Berlow, Assistant Attorney General, of Chicago, of counsel), for the People and intervenor-appellant. |
|---|---|
| | Michael J. Pelletier, State Appellate Defender, Johannah B. Weber, Deputy Defender, and Dan W. Evers, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee. |
| Justices | JUSTICE KARMEIER delivered the judgment of the court, with opinion. Chief Justice Kilbride and Justices Freeman, Thomas, Garman, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant, Aaron Jackson, was charged by information on March 31, 2011, with the Class 4 felony of "Driving while driver's license, permit or privilege to operate a motor vehicle is suspended or revoked" (driving while license suspended or revoked), in violation of Illinois Vehicle Code (Code) section 6-303(a) and (d), for an offense that occurred on July 9, 2010. See 625 ILCS 5/6-303 (West 2010). The information also alleged that defendant was subject to extended-term sentencing pursuant to section 5-5-3.2(b)(1) of the Unified Code of Corrections (730 ILCS 5/5-5-3.2(b)(1) (West 2010)). Defendant moved to dismiss the charge on the ground that section 6-303 was unconstitutional as applied to him under both the Illinois Constitution of 1970 and the United States Constitution. The circuit court of Clinton County granted the motion, holding that because the statutory scheme found in section 6-303(a) and (d) violated defendant's right to due process, the charge must be dismissed and defendant discharged. The People of the State of Illinois, and the Illinois Secretary of State, whom the circuit court allowed to intervene (collectively, the State), appealed directly to this court, as required in cases in which a statute of this state has been held invalid. See Ill. S. Ct. R. 603 (eff. Oct. 1, 2010).[1] For the following reasons, we vacate

---

[1]The State's notice of appeal improperly cited Supreme Court Rule 302(a)(1) (Ill. S. Ct. R. 302(a)(1) (eff. Oct. 4, 2011)), which deals with direct appeals to the Supreme Court in civil cases, and Supreme Court Rule 612(b) (Ill. S. Ct. R. 612(b) (eff. Sept. 1, 2006)), which deals with criminal procedural matters governed by civil appeals rules, but does not include appeals to the Supreme Court under Rule 302(a)(1). Thereafter, the Clinton County circuit court erroneously filed the State's notice of appeal in the appellate court. The appellate court, on its own motion, properly entered a March 1, 2012, order transferring this matter to this court pursuant to Supreme Court Rule 365 (Ill. S. Ct. R. 365 (eff. Feb. 1, 1994)).

the circuit court's order and remand to the circuit court for further proceedings consistent with this opinion.

¶ 2                                             BACKGROUND

¶ 3        On February 16, 2012, the circuit court entered a written order granting defendant's motion seeking a declaration that the statute under which he was charged (625 ILCS 5/6-303 (West 2010)) was unconstitutional as applied to him. The order stated that the defendant wished to present certain evidence at his trial, and the parties had stipulated to these facts for the purposes of the motion. Therefore, we shall rely upon the stipulated facts set forth below, including necessary clarification, in reviewing the propriety of the circuit court's order.

¶ 4        On November 6, 1997, when defendant was 15 years old, he was charged with the offense of driving under the influence of alcohol in Kane County, Illinois. Although defendant had never applied for a license, the Illinois Secretary of State created a driving record for defendant under the name Aaron A. Jackson, which included a driver's license, number J250-0018-2008. The Secretary of Sate suspended that license as of December 22, 1997. We note that Illinois law requires the Secretary of State to suspend the driver's license of anyone arrested for driving under the influence (625 ILCS 5/11-501.1(h) (West 2010)) and that the period of statutory summary suspension continues until all required reinstatement fees have been paid. *People v. Martinez*, 184 Ill. 2d 547, 551 (1998).

¶ 5        On April 19, 1998, defendant was charged with driving while license suspended, and was convicted of that offense on April 6, 1999. Meanwhile, on March 25, 1999, defendant was sentenced to court supervision for the November 6, 1997, driving while under the influence offense. In fact, the record on appeal contains a March 25, 1999, "Plea of Guilty and DUI Order for Court Supervision," placing defendant on court supervision until March 24, 2000. On November 29, 2000, defendant's court supervision was revoked and a judgment was entered on the charge of driving while under the influence of alcohol.[2]

¶ 6        On February 24, 2006, defendant applied for and received an Illinois driver's license, number J250-0008-2008,[3] from the Secretary of State under the name Aaron Jackson, using his valid social security number. When applying for this license, defendant answered the following question in the negative: "Is your driver's license or ID card [or] privilege to obtain a license or ID card suspended, revoked, cancelled or refused in any state under this or any other name[?]" On January 16, 2008, defendant renewed his driver's license number J250-0008-2008 without objection from the Secretary of State.

¶ 7        In 2009, defendant received citations for the offenses of speeding and operating an

_____

[2]Illinois law requires the Secretary of State to immediately revoke the license of any driver upon receiving a report of the driver's conviction of a violation of section 11-501 of the Code, relating to driving while under the influence of alcohol. 625 ILCS 5/6-205(a)(2) (West 2010).

[3]Although the circuit court's February 16, 2012, order refers to the 2006 driver's license number alternately as J250-008-2008 and J250-0008-2008, the record shows the latter number is correct.

uninsured motor vehicle in Marion County, Illinois. He pleaded guilty to those offenses and paid the assessed fine. The circuit court of Marion County sent notice of these dispositions to the Secretary of State. On July 9, 2010, defendant was issued a citation for driving while license suspended, and on July 20, 2010, the Secretary of State sent notice to defendant that driver's license number J250-0008-2008 was suspended. On March 31, 2011, the State's Attorney of Clinton County, Illinois, filed an information alleging that defendant had committed a Class 4 felony for the offense of driving while license suspended on July 9, 2010.

¶ 8        In addition to setting forth the stipulated facts, the circuit court's order of February 16, 2012, notes that the parties were given an opportunity to argue and to supplement their arguments with written memoranda, and that the court had considered those arguments and the "briefs filed herein." The circuit court then set forth its understanding of the parties arguments, and its findings, stating, in part, as follows:

> "The substance of the [S]tate's position is that the only elements of the offense of driving while license suspended are, first whether the defendant was driving, and whether his license was suspended at that time. Indeed, the Attorney General[4] argues that the statutory scheme creates an 'absolute liability offense for driving with a suspended or revoked license.' The Attorney General urges that this court find that the defendant participated in a fraudulent act by applying for a second license under a different name, concealing the previous suspension.

> * * *

> The essence of the defendant's argument is that his due process rights would be violated by refusing to allow him to present evidence of the above facts. The proposed defense is in the nature of an affirmative defense.

> * * *

> This Court finds that, given the above facts, the trier of fact could conclude that the Office of the Secretary of State was remise [*sic*] in its duties by issuing license J250-0008-2008 to Mr. Jackson without conducting any examination to determine whether his driving privileges had been previously revoked. *** The Secretary of State would respond that Mr. Jackson committed a fraud in his application. Fraud requires intent, and this court finds that Mr. Jackson should be permitted to present evidence of his lack of intent. It may well be, as the Attorney General suggests, that the defendant herein committed a fraud in his application for driving privileges. However, the issue is not so clear-cut that it should deprive him of presenting his defense to a trier of fact.

> * * *

> It is the finding of this court that the statutory scheme found in 625 ILCS 5/6-

---

[4]In the circuit court, the Illinois Attorney General represented the Illinois Secretary of State, while Clinton County State's Attorney John Hudspeth represented the People of the State of Illinois. In this court, both State entities are represented by the Attorney General.

303(a) and (d) is unconstitutional as applied to this particular defendant. The court's finding of unconstitutionality is based upon the due process clauses of the Illinois and United States Constitutions. The court further finds that the statutory scheme found in 625 ILCS 5/6-303(a) and (d) cannot reasonably be construed in a manner that would preserve its validity as applied to this defendant. The court also finds that the finding of unconstitutionality is necessary to the court's decision and judgment, and that such decision and judgment cannot rest upon an alternative ground. Finally, the court finds the notice required by the Illinois Supreme Court Rule 19 has been served upon the Illinois Secretary of State and Attorney General, and that those served with the notice have been given adequate time and opportunity to defend the statute.

The charge is dismissed and the defendant is discharged."

¶ 9                                                   ANALYSIS

¶ 10        The pertinent sections of the statute at issue state:

"§ 6-303. Driving while driver's license, permit or privilege to operate a motor vehicle is suspended or revoked.

(a) Except as otherwise provided in subsection (a-5), any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license, permit or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code *** shall be guilty of a Class A misdemeanor.

* * *

(d) Any person convicted of a second violation of this Section shall be guilty of a Class 4 felony and shall serve a minimum term of imprisonment of 30 days or 300 hours of community service, as determined by the court, if the original revocation or suspension was for a violation of Section 11-401 or 11-501 of this Code, *** or a statutory summary suspension or revocation under Section 11-501.1 of this Code." 625 ILCS 5/6-303(a), (d) (West 2010).

¶ 11        On appeal to this court, the State contends that the circuit court erred in declaring section 6-303(a) and (d) unconstitutional as applied to defendant. However, before we consider the constitutionality of the statute, we must first address a preliminary issue brought to light by the parties' briefs, *i.e.*, whether the circuit court improperly decided the constitutional issue raised by defendant where the case could have been decided on nonconstitutional grounds. See *Mulay v. Mulay*, 225 Ill. 2d 601, 605 (2007); *In re Application of the County Treasurer*, 214 Ill. 2d 253, 260 (2005).

¶ 12        In its reply brief, the State argues, in part, as follows:

"It is true that Defendant's driver's license was suspended and that he later applied for and obtained a new driver's license, albeit by submitting a materially inaccurate application. *** But the People have not argued that Defendant cannot rely on his second driver's license at trial. *** They have instead argued that there are only two elements to the offense of driving with a suspended driver's license—'(1) the act of

driving a motor vehicle on the highways of this State and (2) the fact of the revocation of the driver's license or privilege'—and that this evidence is relevant to whether his driving privileges were suspended under this second element. *See People v. Close*, 238 Ill. 2d 497, 507-08 (2010) ***.

Thus, Defendant's repeated insistence that he can offer evidence relating to the second driver's license calls attention to an issue over which, in large measure, there is no dispute. Appellants recognize that Defendant may offer that evidence at trial. *** The dispute here is over whether Defendant may offer that evidence to show that the government has not satisfied its burden of proof under a heretofore unrecognized *mens rea* element, or only to prove he had a valid driver's license at the time of the offense. Only the circuit court has ever concluded that Defendant may not present that evidence and, interestingly, it was based upon the purported inequity of that outcome that it deemed the driving with a suspended driver's license statute unconstitutional."

¶ 13    Further, defendant's brief states:

"While it may be time for this Court to face the inequities of the 'absolute liability' offense when there is a lack of notice or constructive notice to a driver, *this is not the case to examine those problems.* Rather, this Court is faced with [defendant's] case of whether he is allowed to present a defense to the jury that he believed he had a valid driver's license." (Emphasis added.)

Therefore, the parties agree that defendant should be allowed to present evidence to show that the State has not met its burden of proof as to the second element of the offense. It is only the purpose for which evidence of defendant's facially valid license may be presented which is at issue. Accordingly, we find that the question to be resolved in this case is one concerning proof of the elements of the offense and not, as the circuit court found, a question as to the constitutionality of the statute defining the offense.

¶ 14    This court has repeatedly cited the general principle that courts will address constitutional issues only as a last resort, relying whenever possible on nonconstitutional grounds to decide cases. *Mulay*, 225 Ill. 2d at 607; *In re E.H.*, 224 Ill. 2d 172, 178 (2006) (listing cases). As we pointed out in *E.H.*, 224 Ill. 2d at 178, this court has adopted Supreme Court Rule 18(c)(4) (Ill. S. Ct. R. 18(c)(4) (eff. Sept. 1, 2006)), requiring a court to include a written statement that the case could not be decided on a nonconstitutional ground before finding a statute constitutional. Because we have found that this case may be decided on a nonconstitutional ground, the circuit court therefore erred in making its Rule 18(c)(4) statement. Consequently, we vacate the circuit court's order and remand the cause for further proceedings. See *Mulay*, 225 Ill. 2d at 611.

¶ 15    Before doing so, however, we choose to clarify the nonconstitutional issue presented. Because that issue raises a purely legal question, our review is *de novo*. See *People v. Dunnavan*, 381 Ill. App. 3d 514, 517 (2008); *People v. Brener*, 357 Ill. App. 3d 868, 870 (2005) (*de novo* review appropriate on motion to dismiss charges where neither the facts nor the credibility of witnesses is at issue).

¶ 16    It is well settled that the only elements necessary to prove the offense of driving while

license suspended or revoked are " '(1) the act of driving a motor vehicle on the highways of this State, and (2) the fact of the revocation of the driver's license or privilege.' " *People v. Close*, 238 Ill. 2d 497, 509 (2010) (quoting *People v. Turner*, 64 Ill. 2d 183, 185 (1976)); see also *People v. Waldron*, 208 Ill. App. 3d 234, 236 (1991); *People v. Papproth*, 56 Ill. App. 3d 683, 686 (1977). Here, only the second element is at issue. Therefore, at trial, once the State presents evidence to establish that defendant's license or privilege to drive was suspended or revoked, defendant is entitled to present evidence supporting his defense, *i.e.*, that he did, in fact, possess a valid license.

¶ 17    In *Turner*, *Waldron*, and *Papproth*, the defendants were charged under section 6-303 of the Code with driving while license suspended or revoked and the State presented facts establishing, *inter alia*, the second element of that offense, that a license issued to the defendant had been revoked. Thereafter, each defendant presented evidence that he possessed a driver's license, valid on its face, at the time of his arrest. However, as to the revoked license at issue in *Turner*, this court stated:

> "The Secretary of State had revoked the defendant's license, and it could be restored only upon compliance with the provisions of the statute. The defendant, of course, did not comply with the provisions of section 6-208. His privilege to drive was not restored through his fraudulently obtaining a license under [another] name." *Turner*, 64 Ill. 2d at 187.

¶ 18    This holding in *Turner* has been interpreted to mean that

> "if one purposely conceals the fact of the previous revocation of his license in order to mislead the authorities and prevent them from properly determining whether he should be granted a license, he may not interpose a license so procured as a defense to the charge of driving while his license was revoked." *Waldron*, 208 Ill. App. 3d at 236-37 (citing *Turner*, 64 Ill. 2d at 187, and *Papproth*, 56 Ill. App. 3d at 688).

Therefore, although a defendant is entitled, at his trial for the offense of driving while license suspended or revoked, to present evidence that he possesses a validly obtained license, if the State rebuts this defense by showing that the license was not restored in compliance with the provisions of the Code, the second element of the offense is established. See *Turner*, 64 Ill. 2d at 187; *Waldron*, 208 Ill. App. 3d at 237 (evidence that defendant knew his Illinois license was revoked and that he perpetrated fraud in obtaining Kansas license was sufficient to prove him guilty of driving while license suspended or revoked); but see *Papproth*, 56 Ill. App. 3d at 688-89 (reviewing court held, in reversing defendant's conviction for driving while license suspended or revoked, that the evidence did not support a finding that defendant was attempting to perpetrate a fraud or act calculated to deceive the Secretary of State in attempting to reinstate his revoked license, when he truthfully informed the examiner of the prior revocation but was nevertheless given a temporary license).

¶ 19    Accordingly, in this case, as in *Turner* and *Waldron*, the State may rebut defendant's evidence that he possessed a valid license with evidence that his license was not valid because he purposely misled the authorities to prevent them from properly determining that his driving privileges had not been otherwise suspended, revoked, or cancelled. Alternatively, the State may rebut a defendant's evidence that he possessed a valid license

with evidence that, while not attempting to perpetrate a fraud, he nonetheless misled authorities such that his license was not restored in compliance with the provisions of the Code. See *Turner*, 64 Ill. 2d at 187 (defendant's revoked license could be restored only upon compliance with section 6-208).

¶ 20      Section 6-208(b) (625 ILCS 5/6-208(b) (West 2010)) provides, *inter alia*: "Any person whose license, permit, or privilege to drive *** has been revoked shall not be entitled to have such license *** renewed or restored. However, such person may *** make application for a license pursuant to Section 6-106," after a certain period of time has expired from the effective date of the revocation, but "may not have their privileges restored until the Secretary receives payment of the required reinstatement fee." Section 6-106(b) (625 ILCS 5/6-106(b) (West 2010)) calls, *inter alia*, for the applicant to disclose whether any license has ever been "cancelled, suspended, revoked or refused, and if so, the date and reason for such" action. Additionally, section 6-208(b) states:

> "In no event shall the Secretary issue such license unless and until such person has had a hearing pursuant to this Code and the appropriate administrative rules and the Secretary is satisfied, after a review or investigation of such person, that to grant the privilege of driving a motor vehicle on the highways will not endanger the public safety or welfare." 625 ILCS 5/6-208(b) (West 2010).

¶ 21      Therefore, a person whose defense is that he forgot, or did not know that his license was revoked when applying for a license, leading to his providing erroneous answers on his application, still misleads authorities, resulting in a failure to comply with all prerequisites for obtaining a valid license. At trial in these cases, the State may rebut a defendant's facially valid license with proof that the erroneous information he provided caused the Secretary of State to issue the license which, under the provisions of the statute, should not have been issued. See *Turner*, 64 Ill. 2d at 187.

¶ 22      If, however, as in *Papproth*, the evidence shows that: (1) the defendant restored his license by complying with the applicable Code provisions and (2) the State cannot establish that he did so by perpetrating a fraud, we agree with that court that "[t]he *Turner* rule should not be applied *** to a situation where an unintentional error is made in an application, especially when it does not mislead the Secretary of State as to whether the applicant should be investigated." *Papproth*, 56 Ill. App. 3d at 688. In *Papproth*, the defendant did not conceal his identity or the fact of a 1972 revocation of his license. His answer as to the reason for such revocation was not completely correct, as his license had been revoked in 1972 for moving violations, but he told the Secretary of State examiner of his license's suspensions for lack of insurance between 1968 and 1972. The appellate court held that "the evidence does not support a finding that [defendant] was attempting to perpetrate a fraud but rather suggests an honest confusion." *Id.* at 688. Additionally, the examiner, despite receiving this information, issued the defendant a temporary license without first investigating him and his driving record or allowing time for further investigation, as required by the language of section 6-208(b) in effect at the time of his arrest. See Ill. Rev. Stat. 1975, ch. 95½, ¶ 6-208(b). We find that, under these circumstances, a "defendant should not be held criminally responsible because of such oversight." *Papproth*, 56 Ill. App. 3d at 689.

¶ 23       We therefore hold that, in a trial for a violation of section 6-303, our case law and the statutory scheme established by the Code for restoring suspended and revoked licenses allows for a determination by the trier of fact as to whether the defendant misled authorities into reinstating his privilege to drive by providing erroneous information through either purposeful concealment or incorrect representation. It is important to note, however, in light of the fact that both parties agree that section 6-303 has been construed to set forth an absolute liability offense, that there is no affirmative defense, such as insanity or necessity, to violations of that section where the defendant *does not contest* that his license was suspended or revoked. See *People v. Avery*, 277 Ill. App. 3d 824, 827, 830 (1995) (insanity defense was unavailable to defendant charged with aggravated driving under the influence, where offense was absolute liability offense and defendant's offer of proof showed he repeatedly drove while under the influence).

¶ 24                                           CONCLUSION

¶ 25       We hold that defendant's motion to declare section 6-303(a) and (d) of the Vehicle Code unconstitutional was improperly granted, as a determination of the constitutionality of the statute is not necessary to decide the question presented by this case. For this reason, the judgment of the circuit court of Clinton County dismissing the charged offense and discharging defendant is vacated, and the cause remanded to that court for further proceedings consistent with this opinion.

¶ 26       Vacated and remanded.